**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| DIONISIO OSORIO, | : | |
| | : | Civil Action No. 08-5978 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LARRY GLOVER, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES**:

Petitioner pro se
Dionisio Osorio
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**HILLMAN**, District Judge

    Petitioner Dionisio Osorio, a prisoner currently confined at Northern State Prison in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Larry Glover and the Attorney General of the State of New Jersey.

    For the reasons stated herein, Petitioner will be ordered to show cause why the Petition should not be dismissed with prejudice as untimely.

I.  BACKGROUND

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> On January 9, 2002, defendant pled guilty to a single-count accusation charging him with first-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1).  Pursuant to a plea agreement with the State, defendant was to receive a twenty-year sentence with a ten-year period of parole ineligibility.  In addition, the State agreed to dismiss in its entirety Camden County Indictment # 1262-04-99, which charged defendant in twenty-five counts with various crimes including murder, felony murder, first-degree robbery, first-degree kidnapping, and other offenses.  Defendant admitted that on the date in question, he possessed a kilogram of cocaine and delivered it to another person.  During the plea colloquy, defendant acknowledged his knowing and voluntary waiver of his rights to indictment and trial, and further waived any right to appeal from the sentence imposed.[fn. 1]
>
> > [fn. 1] The judge properly explained that this agreement could not foreclose defendant from actually appealing his sentence; however, as the judge explained, if he chose to appeal the sentence, the State was reserving its right to annul the plea bargain.  R. 3:9-3(d).
>
> On February 22, 2002, defendant appeared for sentencing. ... [The court] found no mitigating factors, N.J.S.A. 2C:44-1(b) and sentenced defendant to imprisonment for twenty years with a ten-year period of parole ineligibility.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> Defendant did not appeal from his sentence, though he did file a motion for reduction of sentence on January 3, 2003, that was denied as untimely. On May 12, 2005, defendant filed a pro se PCR petition seeking reconsideration of his sentence. An amended verified petition was filed on May 18, 2006, in which defendant argued "that he received ineffective assistance of counsel at sentencing ... . "

State v. Osorio, 2008 WL 2415144 (N.J. Super. App.Div. June 17, 2008).

Following a hearing, the PCR court denied relief. On June 17, 2008, the Superior Court of New Jersey, Appellate Division, affirmed. On September 24, 2008, the Supreme Court of New Jersey denied certification. State v. Osorio, 196 N.J. 466, 957 A.2d 1174 (2008).

This Petition, dated November 25, 2008, followed. Here, Petitioner asserts that he was denied effective assistance of counsel at sentencing.

## II.  ANALYSIS

A.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

B.   Pro Se Pleadings

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

C.   Timeliness

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[2] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

---

[2] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely.  Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of

6

his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal

7

habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner was sentenced on February 22, 2002. As Petitioner did not pursue a direct appeal, the judgment became final, for purposes of § 2244(d), when the time for filing an appeal lapsed, on April 8, 2002. See N.J.Ct.R. 2:4-1(a). Thus, barring statutory or equitable tolling, the limitations period for filing a federal habeas petition expired on April 8, 2003.

Petitioner's motion for reduction of sentence, filed on January 3, 2003, does not statutorily toll the federal habeas limitations period, as it was denied as untimely. Petitioner's first state petition for post-conviction relief, filed on May 12, 2005, does not statutorily toll the federal habeas limitations period, as it was not filed until after the federal habeas limitations period had expired. Petitioner fails to assert any facts suggesting a basis for equitable tolling.

This Petition was dated November 25, 2008, more than five years after the challenged conviction became final.  Thus, it appears that this Petition is time-barred.  Petitioner will be ordered to show cause why the Petition should not be dismissed.

### III.  CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed with prejudice as time-barred.


At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated: February 25, 2009